# Richmond

STATE BOARD OF ELECTIONS, ET AL. v. NATHAN J. FORB.

October 8, 1973.

Record No. 730756.

Present, All the Justices.

*Andrew P. Miller, Attorney General; Vann H. Lefcoe, Assistant Attorney General; Aubrey M. Davis, Jr., Commonwealth's Attorney for the City of Richmond,* on brief, for appellants.

*R. Harvey Chappell, Jr.; Charles F. Midkiff; Christian, Barton, Parker, Epps & Brent,* on brief, for appellee.

Per Curiam.

This appeal involves Code § 24.1-111, which relates to the form of ballots to be used in elections. The pertinent part of the section reads as follows:

"Except as provided for primary elections, the State Board of Elections shall determine by lot the order of the political parties, and the names of all candidates for a particular office shall appear together in the order determined for their parties. Where there be more than one candidate representing a political party running for an office, the candidates' names shall appear alphabetically in their party groups under the name of the office, with sufficient space between party groups to indicate them as such. For the purpose of

this section and § 24.1-207 [which provides for preparation of machine ballots], independents shall be treated as a class under "Independent" and where there be one or more independent candidates for an office, the class "Independent" shall be deemed a political party. No names of political parties shall appear on the ballot, except in presidential elections under article 2 (§ 24.1-158 et seq.) of this chapter."

The method set forth in Code § 24.1-111 of treating independent candidates on ballots was attacked by Nathan J. Forb, an independent candidate for the House of Delegates from the City of Richmond in the election to be held November 6, 1973. Forb filed in the court below a bill for declaratory judgment against the State Board of Elections and the Electoral Board of the City of Richmond. At the time the bill was filed, the election officials were proceeding with the preparation of ballots listing Forb's name together with two other independent candidates. On the proposed ballot, the names of the three independent candidates were not separated from each other by the same discernibly larger space that separated political groups from each other. Forb's bill sought to enjoin use of the ballot form proposed by the election officials. Upon filing of the bill, the trial court temporarily enjoined the election officials from proceeding with the preparation of ballots.

The final decree appealed from declared Code § 24.1-111 unconstitutional "to the extent that it groups candidates for the same office, classified as 'independents' thereunder, in such a way as to suggest party affiliation or community of interests among them." The earlier preliminary injunction was made permanent as modified by the final decree. The election officials were ordered to cause ballots to be printed for the forthcoming election in such a way that the names of the three independent candidates would be separated from each other by the same amount of space as would separate political groups from each other. The election officials seek reversal of the decree.

Forb complains here, as he did in the trial court, that the effect of Code § 24.1-111 is to align him on the ballot with other members of an "Independent" party created by the statute for voting purposes. This, Forb says, gives the appearance that he is a member, when he is not, of a political party and depicts him as sharing, which he does not, the political philosophy and platform espoused by the other members of the so-called "Independent" party. The Code section, Forb con-

cludes, discriminates against him as a candidate, deprives him of his right of freedom of association, and restricts the citizen's right of franchise by creating unnecessary confusion for the voter.

It is axiomatic that the statute in question is presumed to be valid and that the burden is upon Forb to show clearly its invalidity. This Forb has failed to do. All he has shown is a *possibility* that voter confusion may result from the manner in which his name would be placed on a ballot prepared in accordance with Code § 24.1-111. We do not declare statutes unconstitutional on mere possibilities.

The statute provides a practical, reasonable method for determining the order and manner in which names of candidates are placed on a ballot. Only for the purpose of implementing that method, and for no other purpose, are independents deemed a political party. The ballot about which Forb complains does not describe the independents as a political party; indeed, the statute forbids such description. Nor does Forb's position on the ballot suggest that he shares the philosophy or platform of any other independent candidate.

In short, Forb's complaints against Code § 24.1-111 do not reach constitutional proportions. Accordingly, we declare the statute constitutional, reverse the final decree of the trial court, dissolve the injunction, and dismiss Forb's bill for declaratory judgment.

*Reversed and dismissed.*